## Commonwealth v. Hape

*Stephen A. Teller*, for Commonwealth.
*John E. Cotsack*, for defendant.

FARRELL, J., April 8, 1944.—The transcript shows that the hearing before the magistrate was held on

November 9, 1943, and recognizance entered into the same day by defendant for "his appearance at the next term of the court of quarter sessions". This would have been the January sessions, 1944. But the transcript was not returned until February 15th, to April sessions, the grand jury returning the true bill on February 29th.

The motion to quash is based upon the failure of the magistrate to return the transcript to the next grand jury. This is the general rule and, while there seems to be no appellate court decision on the subject, it was stated in In re Criminal Proceedings in Pennsylvania, 13 Dist. R. 815, 821 (quoted in Commonwealth v. Sweetlick, 19 Dist. R. 397, 398), that:

" 'The accused must invariably be held to the *next term* of court following the hearing before the magistrate.' "

But the better opinion seems to be, as held by Sadler on Criminal Procedure (2nd ed.) sec. 125, p. 143:

". . . an indictment for operating a motor vehicle without the owner's consent should not be quashed because the magistrate accepted bail for, and returned the case to, a term of court following that to which it might have been returned. Withholding of a return over the next term does not invalidate the proceedings in case of misdemeanor."

Sadler cites Commonwealth v. Berkman, 35 Lanc. 225, 27 Dist. R. 930. In the case cited, defendant was charged with violation of The Vehicle Code. The court held that the withholding of a return over the next term by a justice of the peace does not invalidate the proceedings in the case of a misdemeanor. Our attention has been called also to the case of Commonwealth v. Lawell, 6 D. & C. 290, decided by President Judge Miller of the Quarter Sessions Court of Montgomery County on November 3, 1924, since Commonwealth v. Sweetlick, contra, cited above. Judge Miller, citing Commonwealth v. Berkman, supra, said at page 292:

"Judge Landis, in Com. v. Berkman, 27 Dist. R. 930, says 'there is no act of assembly nor decision called to our attention that decides, in cases of misdemeanors, that the withholding of the return by the justice over the next Court of Quarter Sessions vitiates his whole proceedings.' Also, see Com. v. Kohle, 2 Luzerne Legal Reg. Reps. 329. The general principle which applies seems to be that a statutory provision as to the time of filing a transcript of a preliminary examination is directory only; filing within a reasonable time being sufficient: People v. Mullaley, 16 Cal. App. 44; 116 Pac. Repr. 88."

The case of Commonwealth v. Kohle, supra, from our own county, in which President Judge Rice quashed the indictment, was an extreme case in which the justice allowed five terms of court to intervene between the arrest on October 13, 1881, and the return of the transcript in November 1882. In that case Judge Rice concluded a careful opinion by holding, at page 332:

"We conclude that, after the first term had passed and the case had not been sent into court, there being no excuse offered for the delay, the prosecution on that information was at an end as effectually as if an indictment had been sent before the grand jury and returned 'ignoramus'; and that an indictment at a subsequent term not based on a fresh information and hearing cannot be sustained, it not appearing that the course of procedure taken was required by some pressing necessity."

This was a prosecution for adultery and fornication and bastardy. Judge Rice's decision, of course, was long before the advent of automobiles and there seems to be an exception to the general rule in the case of indictments for automobile violations. This apparent exception was noted by Sadler in the excerpt hereinbefore quoted and is also noted in several of the cases. We are informed in the Commonwealth's brief that there was a good reason in the instant case for the de-

lay in sending in the transcript. The last paragraph of the assistant district attorney's brief informs us:

"While it is true that it is generally an unwise practice for justices of the peace to withhold a transcript and recognizance past the next grand jury, nevertheless, in motor vehicle cases the practice is sometimes meritorious in that it brings about a good result. In the instant case the defendant's counsel states that the squire withheld the transcript and recognizance with the idea of effecting a settlement. Had the settlement been achieved the case would not have been returnd to the grand jury but would have come to an end in the squire's office."

We believe the weight of opinion is in favor of sustaining an indictment in a case of this kind. Therefore, rule to quash indictment is discharged.